**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-3444

RANAE MAE LORENZ, an individual

    Plaintiff

v.

LUXURY INN OF PUEBLO, INC. d/b/a DAYS INN OF PUEBLO, INC., a Colorado Corporation

    Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Ranae Mae Lorenz by and through her attorney, Law Office of Nathan Whitney, LLC, for her Complaint states as follows:

**INTRODUCTION**

1.    Plaintiff was subjected to a severe pattern and practice of unwelcome and unlawful sexual harassment during her employment with Defendant. This sexual harassment was perpetrated against her by Defendant's bookkeeper, Mr. Gary Gould. Plaintiff reported this sexual harassment to her immediate supervisor, a female, only to find out that Plaintiff's supervisor had also been a victim of Mr. Gould's sexual harassment. Despite Plaintiff's report, Defendant took no timely action to investigate or remedy the situation. Consequently, Mr. Gould's sexual harassment was permitted to continue for several additional months causing Plaintiff untold emotional pain and suffering.

1

## PARTIES

1. Plaintiff Ranae Mae Lorenz is an individual who resides in Pueblo County, Colorado.

2. Defendant Luxury Inn of Pueblo, Inc. d/b/a Days Inn of Pueblo, Inc. ("Days Inn Pueblo") is a Colorado corporation with its principal place of business at 4201 North Elizabeth Street, Pueblo, Colorado.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 since this case arises under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

4. Venue is proper in the District Court of Colorado pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment action giving rise to Ms. Lorenz's claims occurred in this District.

5. At all relevant times, Days Inn Pueblo was an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

6. At all relevant times, Days Inn Pueblo continuously had at least 15 employees.

## GENERAL FACTUAL ALLEGATIONS

7. Days Inn Pueblo employed Ms. Lorenz as a front desk clerk from October, 2011 through February, 2012. Ms. Lorenz is female.

8. During this time, Days Inn Pueblo also employed Gary Gould as a bookkeeper. Mr. Gould is male.

9. Krista Abeyta was Ms. Lorenz's direct supervisor and was employed by Days Inn Pueblo as the front desk manager. Ms. Abeyta is female.

10. At all relevant times, Days Inn Pueblo was owned by Anil Nagrath and Nimmi Nagrath.

11. At all relevant times, Mr. Anil Nagrath was the President of Days Inn Pueblo.

12. At all relevant times, Ms. Nimmi Nagrath was the Vice President of Days Inn Pueblo.

13. Shortly after Ms. Lorenz began her employment with Days Inn Pueblo she became subject to a pattern and practice of unlawful sexual harassment perpetrated against her by Mr. Gould. This began in early November, 2014 with Mr. Gould making inappropriate and unwelcomed sexual comments and advances towards Ms. Lorenz. Each comment and advance was strongly rebuffed by Ms. Lorenz making it apparent and obvious they were unwelcome and offensive.

14. While working on a Tuesday morning only a few weeks into her employment with Days Inn Pueblo, Mr. Gould called Ms. Lorenz at the front desk and directed her to come back to his office located within the hotel. Upon entering Mr. Gould's office, Ms. Lorenz witnessed Mr. Gould watching graphic pornography on his computer. In a state of shock, Ms. Lorenz dropped the front desk phone which she had taken with her into Mr. Gould's office and abruptly exited Mr. Gould's office. However, Ms. Lorenz returned a short time later to retrieve the phone and witness Mr. Gould masturbating in his office. Mr. Gould then asked Ms. Lorenz if she wanted to touch his

genitalia and watch him ejaculate on his desk. In a further state of shock, Ms. Lorenz told Mr. Gould that he needed help and returned to her position at the front desk.

15.     Later that day, Mr. Gould approached Ms. Lorenz and made further unwelcome and unlawful sexual comments and advances.

16.     After Mr. Gould left Days Inn Pueblo that same day, Ms. Lorenz reported these incidents of sexual harassment to her immediate supervisor, Ms. Abeyta. In response, Ms. Abeyta informed Ms. Lorenz that she had previously been a victim of Mr. Gould's sexual harassment at Days Inn Pueblo. Ms. Abeyta informed Ms. Lorenz that Days Inn Pueblo would take appropriate action in response to Ms. Gould's sexual harassment.

17.     Sometime later, Ms. Abeyta reported Mr. Gould's sexual harassment of Ms. Lorenz and herself to Mr. Anil Nagrath who disregarded Ms. Abeyta's reports.

18.     Days Inn Pueblo failed to conduct any timely or meaningful investigation into Mr. Gould's sexual harassment or take any effective or remedial action within a reasonable period of time.

19.     Consequently, Mr. Gould's sexual harassment of Ms. Lorenz was permitted to continue for several more months during which time Mr. Gould continued his offensive and harassing sexually discriminatory conduct towards Ms. Lorenz, including, but not limited to, showing Ms. Lorenz pictures of his genitalia on his cell phone.

20.     In January, 2012, nearly three months after Ms. Lorenz first reported Mr. Gould's sexual harassment to Ms. Abeyta, Mr. Nagrath came to Ms. Lorenz and asked

what Mr. Gould had done. Ms. Lorenz informed Mr. Nagrath of Mr. Gould's sexual harassment, but Mr. Nagrath disregarded Ms. Lorenz's report.

21.   Ms. Lorenz was, therefore, forced to write the corporate offices of Days Inn Worldwide on or about January 21, 2012 to seek redress.

22.   Only after reporting Mr. Gould's sexual harassment to Ms. Abeyta, Mr. Nagrath and then the Days Inn Worldwide Corporate office, did Days Inn Pueblo take any remedial action and terminated Mr. Gould's employment.

23.   Days Inn Pueblo did not disclose or inform Ms. Lorenz of any sexual harassment policy or procedure for reporting sexual harassment prior to or during her employment with Days Inn Pueblo.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24.   Ms. Lorenz has exhausted her administrative remedies. Ms. Lorenz filed timely administrative charges of discrimination against Days Inn Pueblo with the U.S. Equal Employment Opportunity Commission ("EEOC") under EEOC case numbers 541-2012-01353 and 541-2012-01353.

25.   The EEOC found that there is reasonable cause to believe that there is a violation of Title VII in that Ms. Lorenz and other aggrieved persons were subjected to unlawful sexual harassment.

## CLAIM FOR RELIEF
### (Violations of Title VII – Sexual Harassment and Retaliation)

26.   Ms. Lorenz incorporates by reference the allegations of paragraph 1 through 25 as through fully set forth herein.

27.     Ms. Lorenz was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Days Inn Pueblo which was perpetrated upon her by Mr. Gould, a co-worker, and this conduct was based upon and directed at Ms. Lorenz by reason of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

28.     Ms. Lorenz notified her immediate supervisor and the owners of Days Inn Pueblo of the sexually harassing and discriminatory conduct, but Days Inn Pueblo failed to take any timely and appropriate corrective action.

29.     This sexually harassing and discriminatory conduct was sufficiently sever and pervasive as to unreasonably interfere with Ms. Lorenz's physical health, work performance and so as to create an intimidating, hostile and offense work environment.

30.     Days Inn Pueblo retaliated against Ms. Lorenz for reporting this sexual harassment to the Days Inn Corporate office and the EEOC by reducing her hours and ultimately terminating her employment.

31.     Ms. Lorenz has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff Ranae Mae Lorenz respectfully requests that the Court:

A. Enter judgment on her Claim for Relief in her favor and against Defendant Luxury Inn of Pueblo, Inc. d/b/a Days Inn Pueblo;

B. Order Defendant to pay the wages, salary, employment benefits and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful actions, in an amount to be proven at trial;

C. Order Defendant to pay compensatory damages to Plaintiff for economic damages, pain and suffering, inconvenience, mental anguish and other nonpecuniary losses, in an amount to be proven at trial;

D. Order Defendant to pay exemplary and punitive damages;

E. Order Defendant to pay Plaintiff's reasonable attorney's fees and costs;

F. Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

G. For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Ms. Lorenz hereby demands a jury on all issues so triable.

Dated this 22nd day of December, 2014.

Respectfully submitted,
LAW OFFICE OF NATHAN WHITNEY, LLC

*[A duly signed original on file at office of undersigned.]*

By: */s/ Nathan J. Whitney*
Nathan J. Whitney, #39002

Attorney for Plaintiff Ranae Lorenz:
Nathan J. Whitney, Bar No. 39002
LAW OFFICE OF NATHAN WHITNEY, LLC
14 West Costilla Street
Colorado Springs, CO 80903
Phone Number: (719) 632-6138
Fax Number: (719) 447-1512
E-mail: nathan@nathanwhitneylaw.com